UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRITTANY WILLIAMS

    Plaintiff,

v.

                                                    Case No. 8:21-cv-1726-WFJ-AEP

LOWE'S HOME CENTERS, LLC,

    Defendant.
_____/

**ORDER**

This matter comes before the Court on Defendant's Motion for Writ of Garnishment (Doc. 29). This matter arises from Defendant's efforts to collect on its Costs Judgment, which the Court entered in favor of Defendant and against Plaintiff in the amount of $402.00 (Doc. 25). According to Defendant, the judgment remains unsatisfied, and Defendant does not believe that Plaintiff has in its possession visible property upon which a levy can mad be made sufficient to satisfy the judgment. By the instant motion, Defendant requests that the Court issue a writ of garnishment to Navy Federal Credit Union to assist in satisfying the judgment entered in favor of Defendant.

Plaintiff does not address whether this Court has jurisdiction to issue the writ. A writ of garnishment will only be enforceable within the bounds of the federal district in which it was issued. *See JPI Partners, LLC v. Dixon*, No. 6:07-MC-77-ORL-22DAB, 2008 WL 2185744, at *2 (M.D. Fla. 2008) (considering a writ of

execution); *Lapinski v. St. Croix Condo. Ass'n., Inc.*, No. 6:16-cv-1418-Orl-40GJK, 2019 WL 1491568, at *1 (M.D. Fla. Jan. 24, 2019) (denying Motion for Writ of Garnishment because the garnishee was located in the Southern District of Florida and thus, the court lacked jurisdiction to issue the writ). In issuing a writ of garnishment, the court must not only have personal jurisdiction over the garnishee, but it also must have jurisdiction over the property to be garnished. *Lapinski*, 2019 WL 1491568 at *1 (citing *Skulas v. Loiselle*, No. 09-60096-CIV, 2010 WL 1790439, at *2-3 (S.D. Fla. April 9, 2010)).

Here, Plaintiff moves this Court to issue a writ of garnishment directed towards Navy Federal Credit Union, the garnishee. In Plaintiff's proposed writ, Plaintiff lists Navy Federal Credit Union's registered agent's address as 1201 Hays Street, Tallahassee, FL 32301. However, this address is not located in the Middle District of Florida but rather, is in the Northern District of Florida. Moreover, Plaintiff fails to assert that Defendant has an account in a bank branch within the Middle District of Florida. Thus, Plaintiff has not demonstrated that this Court has jurisdiction to issue the writ to a garnishee located outside this Court's jurisdictional boundaries.

Moreover, the Court will not consider Defendant's request for a bond at this time since Plaintiff has not sought a stay of execution of the Costs Judgement. Accordingly, it is hereby

2

ORDERED:

1. Plaintiff's Motion for Writ of Garnishment (Doc. 29) is DENIED WITHOUT PREJUDICE.

DONE AND ORDERED in Tampa, Florida, on this 13th day of December, 2021.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:   Counsel of Record

3